**UNITED STATES of America,**

v.

**Angel ROSARIO a/k/a Tito, Angel Rosario, Appellant.**

No. 01–3906.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit L.A.R. 34.1(a) Dec. 12, 2002.

Submitted Under Third Circuit LAR 34.1(a) Dec. 19, 2002.

Decided Dec. 20, 2002.

Before NYGAARD, ALITO, and RENDELL, Circuit Judges.

OPINION OF THE COURT

PER CURIAM.

Appellant Angel Rosario pled guilty to conspiring to distribute marijuana in violation of 21 U.S.C. § 846. The District Court diminished his offense level under the sentencing guidelines based on his lack of a prior record, his acknowledgment of responsibility, his honesty with investigators, and his minor role in the offense.

Rosario appeals the judgment, contending that he merits a four-level reduction for "minimal" participation instead of the two-level reduction for "minor" participation. We disagree and affirm the District Court's judgment.

FBI agents intercepted a shipment of 1,500 pounds of marijuana in January of 2000. They decided to follow through with the planned transaction in an undercover operation at the shipment's destination in Philadelphia, making arrangements to deliver the drugs to conspirator Joaquin Rosa–Pagan. On one occasion, Rosa–Pagan used Rosario as an intermediary when speaking with the undercover agents. Rosario also accompanied Rosa–Pagan on a "counter-surveillance" monitoring of the truck with which the conspirators intended to transport the marijuana. When a driver arrived with the loaded truck at the designated location, agents arrested Rosa–Pagan and two other conspirators. Rosario was not present at this scene, but he held the $75,000 "transportation fee," most of which he returned to an intimate acquaintance of Rosa–Pagan's following the arrests, but $5,000 of which he kept in satisfaction of a legitimate and unrelated debt.

The District Court noted during Rosario's sentencing hearing that he "kn[e]w[ ] the major players," "was entrusted to ... answer the telephone" and communicate with other participants, and passed on directions in furtherance of the conspiracy. It contrasted this with the archetypal minimal participant, the "mule" who merely delivers drugs ignorant of the actual people in charge. We review the District Court's evaluation of Rosario's role for clear error but give plenary review to interpretations of the sentencing guidelines. See United States v. Bierley, 922 F.2d 1061, 1064 (3d Cir.1990).

"Such factors as a defendant's lack of knowledge or understanding of the overall enterprise and of others' activities are evidence of a minimal role in the offense." United States v. Isaza–Zapata, 148 F.3d 236, 238–39 (citing U.S. Sentencing Guidelines Manual § 3B1.2, Application Note 1). We have also held that a defendant's "economic gain and the extent of physical participation" may inform findings regarding minimal-participant status. United States v. Haut, 107 F.3d 213, 217 (3d Cir.1997). We have declined to adjust a defendant's level of participation from minor to minimal given findings that he actually promoted the criminal activity to the undercover officer. United States v. Salmon, 944 F.2d 1106, 1127 (3d Cir.1991).

Rosario points to no clear error in the District Court's factual findings and argues for the downward departure based on a set of facts on which the prosecution and defense substantially agree. Although Rosario understood less of the scheme than Rosa–Pagan, the facts do not evince the real "lack of knowledge or understanding" that distinguish a minor participant from an even more minimal one. Accompanying a significant player on a "counter-surveillance" operation surely constitutes "physical participation" in the more central operations of the conspiracy even if one's presence is not necessary. Rosario's communication with the undercover agent may fall short of the active promotion discussed in Salmon, but his diminished responsibility is amply reflected in the District Court's categorization of him as a minor participant. We have no trouble affirming the District Court's judgment that a further departure was not warranted based on the facts given.